Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
MARIA CONCEPCION CARCAMO ESCOBAR, individually and on behalf of all others similarly situated,

                        Plaintiff,

   -against-

LV TAPAS INC. d/b/a LA VARA, and EDER MONTERO and ALEXANDRA RAIJ, as individuals,

                        Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiff, **MARIA CONCEPCION CARCAMO ESCOBAR, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiff"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **MARIA CONCEPCION CARCAMO ESCOBAR, individually and on behalf of all others similarly situated,** through undersigned counsel, bring this action against **LV TAPAS INC. d/b/a LA VARA, and EDER MONTERO and ALEXANDRA RAIJ, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at LV TAPAS INC. d/b/a LA VARA, located at 228 Clinton Street, Brooklyn, NY 11201.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding

$100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff MARIA CONCEPCION CARCAMO ESCOBAR residing at Flushing, NY 11369, was employed by Defendants at LV TAPAS INC. d/b/a LA VARA from in or around July 2013 until in or around March 2019.
9. Defendant, LV TAPAS INC. d/b/a LA VARA is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 228 Clinton Street, Brooklyn NY 11201.
10. Upon information and belief, Defendant EDER MONTERO is the owner of LV TAPAS INC. d/b/a LA VARA.
11. Upon information and belief, Defendant EDER MONTERO is an agent of LV TAPAS INC. d/b/a LA VARA.
12. Upon information and belief, EDER MONTERO is responsible for overseeing all daily operations of LV TAPAS INC. d/b/a LA VARA.
13. Upon information and belief, EDER MONTERO has power and authority over all the final personnel decisions of LV TAPAS INC. d/b/a LA VARA.
14. Upon information and belief, EDER MONTERO has the power and authority over all final payroll decisions of LV TAPAS INC. d/b/a LA VARA, including the Plaintiff.

15. Upon information and belief, EDER MONTERO has the exclusive final power to hire the employees of LV TAPAS INC. d/b/a LA VARA, including the Plaintiff.
16. Upon information and belief, EDER MONTERO has exclusive final power over the firing and terminating of the employees LV TAPAS INC. d/b/a LA VARA, including Plaintiff.
17. Upon information and belief EDER MONTERO is responsible for determining, establishing, and paying the wages of all employees of LV TAPAS INC. d/b/a LA VARA, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.
18. Accordingly, at all relevant times hereto, Defendant EDER MONTERO was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.
19. Upon information and belief, Defendant ALEXANDRA RAIJ is the co-owner of LV TAPAS INC. d/b/a LA VARA.
20. Upon information and belief, ALEXANDRA RAIJ is responsible for overseeing all daily operations of LV TAPAS INC. d/b/a LA VARA.
21. Upon information and belief, ALEXANDRA RAIJ has power and authority over all the final personnel decisions of LV TAPAS INC. d/b/a LA VARA.
22. Upon information and belief, ALEXANDRA RAIJ has the power and authority over all final payroll decisions of LV TAPAS INC. d/b/a LA VARA, including the Plaintiff.
23. Upon information and belief, ALEXANDRA RAIJ has the exclusive final power to hire the employees of LV TAPAS INC. d/b/a LA VARA, including the Plaintiff.
24. Upon information and belief, ALEXANDRA RAIJ has exclusive final power over the firing and terminating of the employees LV TAPAS INC. d/b/a LA VARA, including Plaintiff.
25. Upon information and belief ALEXANDRA RAIJ is responsible for determining, establishing, and paying the wages of all employees of LV TAPAS INC. d/b/a LA VARA, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.
26. Accordingly, at all relevant times hereto, Defendant ALEXANDRA RAIJ was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

27. Upon information and belief, LV TAPAS INC. d/b/a LA VARA is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity LV TAPAS INC. d/b/a LA VARA (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

28. Under the FLSA and NYLL, Plaintiffs federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint was filed on May 2022.  As such, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the entirety of the period spanning May 2016 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

29. Plaintiff MARIA CONCEPCION CARCAMO ESCOBAR was employed by LV TAPAS INC. d/b/a LA VARA as a cook, food preparer, kitchen worker and dish washer while performing related miscellaneous duties for the Defendants, from in or around July 2013 until in or around March 2019.

30. During the relevant statutory, Plaintiff MARIA CONCEPCION CARCAMO ESCOBAR regularly worked five (5) days per week.

31. During the relevant statutory period, Plaintiff MARIA CONCEPCION CARCAMO ESCOBAR regularly worked a schedule of shifts beginning at approximately 9:00 a.m. each workday and regularly ended at approximately 7:00 p.m., or later, every Tuesday until Friday; and beginning at approximately 8:00 a.m. each workday and regularly ended at approximately 5:00 p.m., or later, every Saturday.

32. Thus, Plaintiff was regularly required to work forty-nine (49) hours or more hours each week during the relevant statutory period.

33. During the relevant statutory period, Plaintiff MARIA CONCEPCION CARCAMO ESCOBAR was paid by Defendants a flat weekly rate of approximately:

    i.      $550.00 per week for all hours worked from in or around May 2016 until in or around December 2016; and

    ii.      $650.00 per week for all hours worked from in or around January 2017 until in or around March 31, 2019.

34. Although Plaintiff regularly worked forty-nine (49) hours or more hours each week, during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

35. Additionally, Plaintiff MARIA CONCEPCION CARCAMO ESCOBAR worked in excess of ten (10) or more hours per day approximately five (5) days a week from during the relevant statutory period, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

36. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

37. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

38. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English and Spanish, of her applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

39. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

40. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of herself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are the collective class.

42. Collective Class: All persons who are or have been employed by the Defendants as cooks, food preparers, kitchen workers or dish washers or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

43. Upon information and belief, Defendants employed between 10 to 15 employees within the past three years subjected to similar payment structures.

44. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

45. Defendants' unlawful conduct has been widespread, repeated, and consistent.

46. Upon information and belief, Defendant had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

47. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

48. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

49. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

50. The claims of Plaintiff are typical of the claims of the putative class.

51. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.
52. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

53. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs.
54. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
55. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
56. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
57. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
58. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.
59. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

60. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs.

61. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

62. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

63. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Spread of Hours Compensation Under New York Labor Law

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

66. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## FOURTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

67. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs.

68. Defendants failed to provide Plaintiff with a written notice of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).
69. Defendants are liable to each Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

70. Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs.
71. Defendants failed to provide Plaintiff's with wage statements upon each payment of wages, as required by NYLL §195(3).
72. Defendants are liable to each Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid overtime wages;
c. Awarding Plaintiff's unpaid spread of hours compensation;
d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiffs prejudgment and post-judgment interest;
f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a trial by jury on all questions of fact raised by the complaint.

Dated: May 25, 2022.
     Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov, Esq.
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIA CONCEPCION CARCAMO ESCOBAR, individually and on behalf of all others similarly situated,

                              Plaintiff,

-against-

LV TAPAS INC. d/b/a LA VARA, and EDER MONTERO and ALEXANDRA RAIJ, as individuals,

                              Defendants.

## COLLECTIVE ACTION COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**LV TAPAS INC. d/b/a LA VARA (DOS ID 4157867)**
11 Broadway, Suite 800, New York, NY 10004

**Via Personal Service:**
228 Clinton Street, Brooklyn NY 11201

**EDER MONTERO**
228 Clinton Street, Brooklyn NY 11201

**ALEXANDRA RAIJ**
228 Clinton Street, Brooklyn NY 11201